■ EDWIN C. WALDECK, Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Edward H. Lehner, J.), entered June 11, 1990, which granted petitioner's application and directed respondent Retirement System to pay him a vested retirement allowance is unanimously reversed, on the law, said order and judgment vacated and the petition dismissed without costs.

Petitioner was appointed to the Department of Sanitation on September 29, 1969. He became a member of the respondent New York City Employees' Retirement System (NY-CERS) on September 30, 1969. On July 19, 1989, petitioner filed a form with NYCERS entitled, "APPLICATION FOR DEFERRED RETIREMENT ALLOWANCE FOR THE UNIFORMED FORCE OF THE DEPARTMENT OF SANITATION WHO DISCONTINUE SERVICE ON OR AFTER JULY 1, 1984 OTHER THAN BY DEATH, RETIREMENT OR DISMISSAL". His date of discontinuance of service and of intended retirement was given as August 18, 1989.

In 1989, petitioner was charged with soliciting and receiving unlawful payments. On August 10, 1989, he appeared for an administrative hearing, pleaded no contest and waived his right to appeal the legality of a no contest plea. The Hearing Officer impliedly found him guilty and recommended dismissal. This recommendation was dated August 15, 1989. On August 17, 1989, the Commissioner signed a dismissal letter and mistakenly dated it August 19, 1989. An attempt to correct the date resulted in a repetition of the August 19, 1989 date underneath the first August 19 date. When this error was noted, a new page was prepared on August 17, 1989, with the correct date.

After petitioner was notified by NYCERS that his application for Deferred Retirement Allowance had been denied, he brought a proceeding pursuant to CPLR article 78 alleging that his discharge had not occurred prior to the effective date

of his resignation, August 18, 1989. A hearing was held on the date of his termination, following which petitioner's application was granted.

Administrative Code of the City of New York § 13-173.1 provides that a uniformed sanitation worker is eligible for a vested retirement allowance if he (1) has fifteen or more years of sanitation service; (2) is a sanitation worker in city service at the time of discontinuance; (3) discontinues city service other than by death, retirement or dismissal; and (4) files an application with NYCERS at least thirty days prior to the date of his discontinuance.

Petitioner's dismissal had to be effective by August 18, 1989, or thirty days from July 19, 1989, or his retirement allowance vested. Here the motion court erred in its determination that the effective date of discharge for purposes of Administrative Code of the City of New York § 13-173.1 was the same as the date on which the time to appeal commenced to run pursuant to Civil Service Law § 76 (1). Said section says nothing about the effective date of discharge. Civil Service Law § 76 (1) reads as follows:

"Appeals from determinations in disciplinary proceedings

"1. Appeals. Any officer or employee believing himself aggrieved by a penalty or punishment of demotion in or dismissal from the service, or suspension without pay, or a fine, or an official reprimand, unaccompanied by a remittance of said officer or employee's prehearing suspension without pay, imposed pursuant to the provisions of section seventy-five of this chapter, may appeal from such determination either by an application to the state or municipal commission having jurisdiction, or by an application to the court in accordance with the provisions of article seventy-eight of the civil practice law and rules. If such person elects to appeal to such civil service commission, he shall file such appeal in writing within twenty days after service of written notice of the determination to be reviewed, such written notice to be delivered personally or by registered mail to the last known address of such person and when notice is given by registered mail, such person shall be allowed an additional three days in which to file such appeal."

Petitioner's dismissal occurred on August 17, 1989, when the Commissioner signed the termination. Moreover, a different result is not warranted by the mistaken dates placed on the original termination letter. The Hearing Officer was unequivocal in her testimony that the Commissioner placed the cor-

rected date of August 17, 1989, on the letter of termination in her presence on August 17, 1989. Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ. *[See,* 147 Misc 2d 226.]